No. 2147.
Second Circuit Appeal.

---

MRS. MAUD WOODARE, ET AL., v.
J. THOMAS HUNT.

---

(November 21, 1924, Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest, Appeal—Par. 747.**

Where evidence of confirmation of default has been lost or mislaid, case will be remanded for evidence to be retaken under the same conditions as those existing at the time of the confirmation unless the misplaced evidence is found in the meantime.

Appeal from the Parish of DeSoto, Hon. Boone, Judge.

ON MOTION TO REMAND.

BY THE COURT:  This is a possessory action in which the plaintiffs allege disturbances by the defendant of their possession of the land described, that defendant has trespassed upon the same, and damaged them in the sum of $150.00 by said trespass, and $350.00 for attorneys' fees, necessarily expended in the protection of their rights. They pray that defendant be enjoined from further trespassing upon their property; that they be quieted in their possession, and for damages as above stated.

The defendant was duly cited, but made no appearance in the lower court. A preliminary default was duly granted, and the same was confirmed upon evidence satisfactory to the trial court which rendered judgment for the plaintiff, perpetuating the injunction, quieting plaintiffs in their possession, and awarding them judgment in the sum of $100.00.

The defendant, at a different term of the court from that at which the judgment was rendered and signed, made a verbal motion for a devolutive appeal, which was granted, and a bond, in the amount fixed by the court, was duly filed.

After the record was lodged in this court, the appellant's counsel appeared by motion and alleged, substantially, that:  Through no fault of appellant, the record as filed is fatally defective and incomplete, for the reason that a material part thereof has been lost or misplaced, namely, the testimony taken by the court stenographer on the confirmation of the default, as shown by the affidavit of said stenographer, and by the affidavit of the Clerk of Court, certifying that he has been unable to include in the record as made up, said evidence because the same has been lost or misplaced; that this court will be unable to review the cause without said evidence, and that the case should be remanded to the trial court to be dealt with as provided by law.

The prayer is that the judgment appealed from be reversed and set aside; that the case be remanded to the lower court for a

new trial, "and there be tried *de novo*", and for costs and general relief.

Upon this motion, we signed the following order:

"On the above application, it is ordered:

"That plaintiff and appellee show cause within ten days from the service of said application upon her counsel why the same should not be granted, and upon their failure to show legal cause within the above delay, the application is to stand as granted, and the cause is remanded to the court *a quo* for the completion of the record, as prayed for, and according to law."

The appellee, through counsel, then filed an answer to the application, as follows:

"Now comes the plaintiffs and appellees and for answer to the rule to show cause why this case should not be remanded to the court *a quo* for the completion of the record, shows the court:

1.

"That as shown by certificate of the Clerk of the Twelfth Judicial District Court for DeSoto Parish, La., annexed hereto and made part hereof, there are three civil terms of court held in the Parish of DeSoto, the last beginning on the fourth Monday in November of each year.

2.

"That as shown by certified copy of the minutes of said court, the last regular civil term for the year 1923, convened in DeSoto Parish on Monday, November 26, 1923, and that on Tuesday, the 27th day of November, a default was entered in the above numbered and entitled cause.

3.

"That court hereupon adjourned until Wednesday, November 28th, and upon Wednesday, November 28th, adjourned until December 3rd, 1923. That on December 3rd, 1923, default was confirmed in the above numbered and entitled cause, and the judgment in confirmation of said default was signed on Tuesday, December 4, 1923.

4.

"That court continued in session through Wednesday, December 5th; Thursday, December 6th, and on said date, viz.: December 6th, adjourned *sine die.*

5.

"That the next term of court held in DeSoto, as shown by the Clerk's certificate, was a criminal term, fixed for the second Monday in February, 1924.

6.

"That on Monday, February 11, 1924, the District Court for DeSoto Parish convened in Mansfield, and on Tuesday, the following day, counsel for the defendant, by verbal motion, in open court, asked for a devolutive appeal, returnable to this Honorable Court on or before March 10, 1924.

7.

"That under the plain provisions of the Code of Practice, Article 573, verbal motions for appeal can only be made at the same term at which the judgment was rendered. That a verbal motion for an appeal, therefore, in this case, in open court, could have been made only in the December term of court, and that, therefore, the verbal motion for appeal, as made in the February term of court, was illegal, null and void, and without legal effect.

8.

"That as shown by affidavit forming part of the transcript in said cause, on page 9 hereof, the defendant herein had full knowledge of the fact prior to lodging the transcript in this court that the evidence taken in said cause had been lost.

9.

"That under Articles 601, 602 and 603 of the Code of Practice, a method is provided for furnishing the facts, where the testimony is not taken down by the Clerk and found in the record.

10.

"That under Article 602 of the Code of Practice, it was the duty of appellant to have requested counsel for appellees to draw jointly, with him, a statement of the facts proven in the case and to have filed the same in the record and transmitted the same as a part of the transcript of this court.

11.

"In the event of the refusal of counsel for appellees to join with counsel for appellant in the preparation of a statement of facts, then the remedy of the appellant, under Article 603 of the Code of Practice,

was to apply to the trial court for a statement of the facts. This counsel for appellant has not done, and until this is done, the appellant is without right. to remand the case for a new trial.

"Wherefore, plaintiffs and appellees pray that the rule herein be dismissed and appearers discharged from hence, for necessary orders, general and equitable relief."

The allegations of this answer might be good grounds for the dismissal of the appeal, if filed in time, but there is no such motion before us.

It appears from affidavits by the stenographer and the Clerk that certain evidence was taken in the lower court on the confirmation of the default which has been lost or mislaid, and it does not appear that said loss is due to any fault of the appellant. The appellant undoubtedly has the right to have this evidence considered by this court, so that we may determine whether the judgment was rendered on legal and sufficient evidence. Of course, we are not authorized to reverse the judgment, or even to order a trial *de novo*, as prayed for in the motion. But we are authorized, and it is our duty, to remand the case for the purpose of having the said evidence placed in the record, if possible for it to be done.

It is therefore ordered and decreed that this cause be remanded to the trial court, with instructions to have the evidence on the confirmation of the default retaken under the same conditions as those which existed at the time of said confirmation, unless, of course, the notes of evidence referred to in the affidavit by the stenographer shall have been discovered in the meantime, or can be found by proper search, in which latter case, the said evidence is to be properly placed and included in the record, which is to be returned to this court.